WALTER NEWLIN *et al.*

*v.*

WILLIAM C. SNYDER *et* al.

1. CHANCERY—*decree pro confesso against unknown heirs.* It is not error to render a decree *pro confesso* against unknown heirs, where it does not appear from the record that they were minors.

2. PRACTICE IN THE SUPREME COURT. An affidavit that the defendants, against whom a decree was entered by default in the court below, were minors, can not be filed and read in the Supreme Court. This court is bound to look at the record as it comes from the inferior court.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. WOODRUFF BROS., for the plaintiffs in error.

Mr. D. McCARTNEY, and Mr. F. D. RAMSAY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Whiteside circuit court, by bill in chancery, to foreclose a mortgage alleged to have been executed by one Robert Newlin to the drainage commissioner of that county. The suit is by William C. Snyder, the assignee of the note, and the successor in office of the drainage commissioner, and against the unknown heirs of Robert Newlin, it being alleged that he had departed this life since the execution of the note and mortgage, and on the further allegation that the names of the heirs were unknown.

The bill was taken for confessed, and a decree of sale entered.

Walter Newlin and William Newlin, claiming to be the parties sued as the unknown heirs of Robert Newlin, bring the record here by writ of error, and allege as error, rendering a decree without proof of the death of Robert Newlin, and no affidavit was filed of the existence of heirs whose names were unknown, and that the default was improperly entered against them, they being minors.

This case is in a small compass, and the decree must be affirmed, as the record fails to show these unknown heirs were minors at the time the bill was filed and decree passed.

To obviate this difficulty, an affidavit has been filed in this court, setting out that fact. This affidavit can not be read in

530    TODD v. KANKAKEE & ILL. RIV. R. R. Co. [Sept. T.

Opinion of the Court.

·this court, as we are bound to look at the record as·it comes to us from the circuit court, and no extraneous matter can be incorporated. The question can not be raised here in this manner.

The decree must be affirmed.

*Decree affirmed.*